# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ABE GIVINS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:16CV351 HEA |
| | ) |
| BURKE, WULFF, FLATCHER, LUDER, | ) |
| BRISCOE, LLP, | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. §§ 1983, 1985 and state law. The motion is granted. Furthermore, this action is dismissed.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff challenges the validity of a state court conviction for felony driving while intoxicated (DWI). *Missouri v. Givins*, No. 2100R-01435-01 (St. Louis County). He pled guilty to the charge on September 8, 2000, and the court sentenced him to five years' imprisonment.

According to the docket sheet, plaintiff was represented by James Joseph Briscoe, who presumably is a partner with the law firm named in the caption of the complaint. Plaintiff says that Briscoe had a conflict of interest because he had been a prosecutor for St. Louis County. Plaintiff alleges that Briscoe failed to disclose material evidence favorable to his defense, which resulted in an unknowing guilty plea. Plaintiff claims that his professional licenses were revoked because of the conviction and that he was not aware of these collateral consequences.

## Discussion

Section 1983 confers liability on state actors acting "under color of law" who violate citizen's constitutional rights. Plaintiff's section 1983 claims fail because Briscoe was not a state actor acting under color of law when he represented plaintiff. Additionally, defendant's alleged actions did not violate any rights cognizable under § 1983. Plaintiff's only challenge to a conviction for ineffective assistance of counsel lies in habeas relief pursuant to 28 U.S.C. § 2254.

Moreover, a plaintiff may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In this case, plaintiff's claims necessarily imply the invalidity of his DWI conviction, and therefore, he is not entitled to relief.

To state a claim under § 1985(3), a plaintiff must establish that (1) he is a member of a class suffering from invidious discrimination, and (2) defendants' actions were motivated by racial animus or some other type of class-based discrimination. *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 834-39 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (plaintiff must allege these two elements to state § 1985(3) claim). Nothing in the complaint indicates that plaintiff is a member of a protected class or that defendant was motivated by purposeful, class-based discrimination. As a result, plaintiff's § 1985(3) claim will be dismissed as legally frivolous.

The remainder of plaintiff's claims, for legal malpractice and breach of fiduciary duty, arise under state law and are dismissed.

Finally, the Court has reviewed plaintiff's motions for leave to amend and finds them to be frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 4th day of May, 2016

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE